. Raymond E. Aldrich, Jr., J.
The defendant John Butor brings an omnibus motion for' (1) suppressing the introduction into evidence of a certain blood test and the results thereof taken of him on October 14,1972 at Highland hospital, as a violation of his privilege against unlawful search and seizure, (2) inspection of the Grand Jury minutes, (3) a separate trial of the second and third counts, both operating a motor vehicle while under the influence of alcohol, a misdemeanor, from the first and fourth counts, criminally negligent homicide, a class E felony, and failing to drive on the right side of the roadway, a Vehicle and Traffic Law violation, respectively, and (4) dismissal of the indictment because of prolonged adjournments in Justice Court in violation of his constitutional rights, and the refusal of the Town Justice to accept a plea of guilty to the charges pending before that court.
An examination of a copy of the indictment reveals that the indictment is a so-called long form one alleging in the statutory language the commission of four crimes, namely, one crime of criminally negligent homicide, a class E felony, two crimes of operating a motor vehicle while under the influence of alcohol, a misdemeanor, and one crime of failing to drive on the right side of the roadway, in violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law, all such crimes occurring on October 14,1972 in the County of Dutchess.
This decision will be addressed to the four motions in the order found in the notice of motion:
(D As to the motion for suppression of certain evidence:
The moving papers consist of the affidavit of the defendant’s wife reciting her personal observations of her husband in the emergency room approximately one and one half hours after *560 ’the alleged accident and the affidavit of his attorney based upon the investigation he caused to be made in the matter.
; The People answer the motion to suppress with an affidavit of an Assistant District Attorney in which they “ deny the allegations made by the moving papers, that any evidence was obtained contrary to law ”, however, consenting to a hearing pursuant to CPL 710.60 (subd. 4) to determine the admissibility of the evidence of the blood test.
The withdrawal of blood from a person constitutes a search of and seizure from the person in the constitutional sense, and the taking of a blood sample from a defendant without his consent, prior to his arrest, would constitute an illegal search and seizure violative of section 12 of article I of the New York State Constitution and of the Fourth Amendment to the United States Constitution. (People v. Young, 42 Misc 2d 540.)
While the People deny the allegations in the moving papers that the evidence was unlawfully seized under our law, this court will not assume that the denial is made ptherwise than upon facts believed to be true by the People.
A motion to suppress tangible evidence obtained by means of an unlawful search and ¡seizure (CPL 710.20, subd. 1) is the exclusive method of challenging the admissibility of evidence where the defendant has reasonable cause to believe that such may be offered against him in a criminal action (CPL 710.70, subd. 3).
The Legislature in its wisdom has prescribed the particular procedure to be followed by a court when a defendant has so moved to suppress, and these statutory directions must be adhered to in disposing of the motion (CPL 710.60, subds. 2, 3, 4).
While the People in their answering affidavit have not admitted any of the allegations of fact in the moving papers, but rather have categorically denied them, a reading of the statute clearly indicates that the People do not have to do so, or raise any factual issue; otherwise the necessity to file an answer would be mandatory, and recited in express terms, with the direction that such answer be also based upon sworn allegations of fact, rather than as the statute plainly reads, granting the right to the People that they “ may file ” an answer if they so desire.
The two courses open to this court in determining the motion to suppress are, namely, summarily grant the motion, or summarily deny it (CPL 710.60, subds. 2, 3) with either action being governed by the plaip, concise and unmistakable language thereof.
*561 The motion must be summarily granted where the People concede the truth of the allegations of fact of the defendant, or the People stipulate that the evidence sought to be suppressed will not be offered upon the trial. Since the People in this case have not so conceded or stipulated, the motion cannot be granted.
In the alternative, the motion to suppress may be summarily denied if the defendant’s motion papers fail to allege- sworn allegations of fact as the legal basis for the motion or such facts do not as a matter of law support the grounds alleged. The motion papers in this instance contain the necessary requisites of sworn allegations of fact, and therefore the motion may not be summarily denied.
Since the motion cannot be granted or denied, as heretofore indicated, this court must conduct a hearing in order to make findings of fact, conclusions of law and the reasons for its determination (CPL 710.60, subd. 4), and such a hearing will take place a reasonable time prior to trial, in order to permit the defendant the full guarantee of his constitutional rights to make further motions depending upon the outcome of the hearing, and in order to permit him to adequately prepare for trial utilising the evidence he may have gained as a result of the hearing.
Final determination of this motion to suppress is held in abeyance pending the outcome of the hearing as hereinbefore directed.
(2) As to the motion for inspection of the Grand Jury minutes:
The defendant seeks an order granting him the right to inspect the minutes of the Grand Jury upon which the indictment herein was founded for the purpose of enabling him to move to dismiss the indictment upon the grounds that the evidence upon which the same was based was not legally sufficient. While such a motion is no longer permissible since the advent of the Criminal Procedure Law on September 1, 1971, in the interests of conserving judicial time, the motion will be treated as one made under CPL 210.30, and the court respectfully draws the defendant’s attorney’s attention to that statute.
After consideration of the moving papers and the affidavit in opposition, and in the exercise of its discretion, this court granted the motion to inspect the Grand Jury minutes in order to use the same in the further determination of the motion to dismiss based upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offenses charged or any lesser included offenses.
Accordingly, the court has examined the minutes of the Grand *562 Jury dated March 8, 1973, March 27, 1973 and March 29, 1973, and therefrom does find that the indictment is predicated upon evidence which is legally sufficient to support the charges contained in the indictment and establish that the defendant committed such offenses.
For the foregoing reason, the motion to inspect is denied.
(3) As to the motion for a separate trial of various counts :
A reading of the indictment indicates that all of the alleged crimes occurred on the same day, October 14, 1972, in the same county, Dutchess County, and while the second, third and fourth counts refer to the operation of a motor vehicle, it may be inferred that the first count likewise does so, in fact a reading of the Grand Jury minutes so indicates. As has been heretofore indicated in the resolution of the second motion this court has inspected the Grand Jury minutes, and the indisputable fact is that all four charges in this indictment have arisen from the same automobile accident, and therefore all four charges are properly join able (CPL 200.20, subd. 2, par. [a]) since they arise from a single criminal incident and venture. Accordingly, severance cannot be ordered for improper pleading. The further question remains as to whether in the interest of justice and for good cause shown under the circumstances of this case severance should be granted because of the peculiar nature of the crimes alleged in the indictment.
Defendant’s contention that the admission of the results of the blood test under the counts charging operating a motor vehicle while under the influence of alcohol would adversely prejudice him under the counts charging criminally negligent homicide and failing to drive on the right side of the roadway are untenable, undocumented, and unpersuasive to have this court order a severance of counts obviously involving a single criminal transaction which occurred on October 14, 1972 at approximately 8:10 p.m., on Route 9D, at a location north of Red School House Road and south of the Baxter Town Road (CPL 40.10, subd. 2).
This court believes that the Trial Judge can adequately charge the appropriate law relating to each of these four crimes, and that he can fully explain to the comprehension of a jury the elements of each of the crimes charged, that the jury will understand the same and adhere to the instructions of the Trial Judge as he outlines the law describing the necessary elements to be proven to support a conviction before they can find the defendant guilty of any one or all of the four crimes. (People v. O’Donnell, 30 A D 2d 731; People v. Cox, 24 Misc 2d 998.)
*563 (4) As to the motion for dismissal of the indictment:
The main thrust of this motion to dismiss is grounded upon the constitutional objection that CPL 170.20 (subd. 2) is violative of our State and Federal Constitutions because the statute ‘ ‘ lends itself to prohibited unequal application of the law in its operation ”, the authority therefor cited as People v. Krstovich (72 Misc 2d 90, 94).
This court has analyzed the reasoning in the Krstovich case, and while agreeing with the result rebuking the District Attorney for his insensitive actions in furtherance of his own personal interests, it does, however, disagree with the conclusion that CPL 170.20 (subd. 2) is unconstitutional.
CPL 170.20 (subd. 2) does not violate the concept of due process for being vague, uncertain or ambiguous, but rather, the language is so unmistakably clear and comprehensible as to remove all doubt as to the legislative declaration that the local criminal court upon application of the District Attorney must adjourn its proceedings for a reasonable period of time pending grand jury action.
CPL 170.20 (subd. 2) is not unconstitutional under section 1 of the Fourteenth Amendment of the "United States Constitution or section 11 of article I of the New York State Constitution guaranteeing equal protection of the laws to all persons charged with a crime since no person by virtue of the statute is discriminated against upon the basis of race, creed, color, or any other discriminatory standard whatsoever. The essence of the right to,equal protection is that all persons be treated alike, under like circumstances and conditions, both in privileges conferred and in liabilities imposed.
The suggestion that CPL 170.20 (subd. 2) is unconstitutional because it may possibly be manipulated by some unethical and unscrupulous prosecutor for his own personal gain so as to deny some defendants the equal protection of the law afforded others, finds nourishment only in the insidious suspicion that some of our duly elected district attorneys will not fulfill the responsibilities of their office so as to be eternally mindful that their paramount and only concern is for the welfare of all the people, each to be treated equally with the other. A fear of the abuse .of this elective power in prosecutions for the furtherance of individual gain is not shared by this court, and is rejected.
The suggestion that the application of CPL 170.20 (subd. 2) delays the speedy trial of lesser crimes in violation of constitutional standards is without merit.
*564 A speedy trial is guaranteed under the Sixth Amendment to the United States Constitution and is binding upon the States via the due process clause of the Fourteenth Amendment of the United States Constitution, and the safeguard therefor is additionally found in CPL 30.20, 170.30 (subd. 1, par. [e]), 210.20 (subd. 1, par. [g]), and Civil Rights Law, § 12).
Defendant’s attorney acknowledges that he did not object to the adjournments of the proceedings in Justice Court from the date of the arrest on October 15, 1972 until February 27, 1973, and thus his appearances in court and his failure to object to numerous adjournments or voice any disapproval thereof are tantamount to a consent thereto.
The People’s papers indicate that a written request for adjournment pursuant to CPL 170.20 (subd. 2) was made to the Town Justice, with a copy thereof served upon the defendant’s attorney, on February 22, 1973 requesting an adjournment until March 27,1973 due to the People’s inability to locate and accommodate out-of-town witnesses, the prior extended engagement of the Assistant District Attorney in an unrelated manslaughter trial, and the understaffing of District Attorney personnel; that further a subsequent written communication was made to the Town Justice, with a copy to the defendant’s attorney, indicating that while the case was in the process of being presented to the Grand Jury, an additional week from March 27, 1973 was needed, with the request thus made that the case in Town Justice Court be adjourned until April 3,1973 to complete the Grand Jury presentation. The official records of this court indicate that the indictment was dated and returned on April 3, 1973, thus fulfilling the request.
CPL 170.20 (subd. 2) provides for removal from the local criminal court to a superior court of a pending case at the District Attorney’s instance upon his application upon the ground that he intends to present the misdemeanor charge in question to a Grand Jury for prosecution by indictment in the superior court; and that in such cáse, the local criminal court must adjourn the proceedings to a date which affords the District Attorney reasonable opportunity to pursue such action, including subsequent adjournments for that purpose as are reasonable under the circumstances. When a District Attorney applies for such an adjournment to present the misdemeanor charges, and perhaps felony charges arising from the same incident, to the Grand Jury, the local criminal court is mandated to grant the adjournment. (Matter of Sovocool v. David, 7 A D 2d 262; People v. Krstovich, 72 Misc 2d 90, supra.) The delay in this *565 case of five months and 19 days between the date of the arrest and the date of indictment was consented to by the defendant up to February 27, 1973, and thereafter mandated to the date of the indictment by CPL 170.20 (subd. 2) since such adjournments asked for by the District Attorney were reasonable and made for good cause (People v. Artonio, 42 A D 2d 716). Under these circumstances this defendant was not deprived of a speedy trial.
The defendant’s contention that he was deprived of the right to plead guilty in the local criminal court to crimes of driving while intoxicated and failure to keep right are unsupported by conclusive factual affirmations that he truly sought to do so. His attorney’s statement that “ It might be said with some correctness that defendant wanted to plead in lower court on the two minor charges to eliminate reference thereto on a trial of the homicide charge ’ ’ is not a persuasive affirmation of fact to convince this court that he attempted to do so, or that he had any real intention of doing so.
Accordingly, the motion to dismiss is denied.