E. Leo Milonas, J.
The defendant was arraigned on August 20, 1975 on a felony complaint charging assault in the second degree, criminal possession of a weapon in the fourth degree and criminal mischief in the third degree (Penal Law, §§ 120.05, 265.01, 145.05). On November 5, 1975, after a number of adjournments, a preliminary hearing was held at which the original charges were reduced to harassment and criminal mischief in the fourth degree (Penal Law, §§ 240.25, 145.00), and the matter was set down for trial for December 1, 1975. Following some more adjournments, the defendant brought a motion under CPL 30.30 seeking dismissal of the action on the ground of denial of his right to a speedy trial. Relying upon CPL 30.30 (subd 5, par [c]), the court denied the motion, since the delay involved was well within the 90-day period permitted by the statute, as calculated from the date of the filing of the new accusatory instrument.
According to CPL 30.30 (subd 5, par [c]): "where a criminal action is commenced by the filing of a felony complaint, and *533 thereafter, in the course of the same criminal action either the felony complaint is replaced or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.
The defendant now challenges the constitutionality of this provision as being in violation of the due process and equal protection clauses of the Constitutions of both the State of New York and of the United States. He argues that CPL 30.30 (subd 5, par [c]) gives conclusive weight to the allegations contained in the felony complaint, thus depriving him of his right to due process. In support of his contention, he cites People v Brian R. (78 Misc 2d 616, affd 47 AD2d 599) which declared unconstitutional CPL 720.10 (subd 2, par [a]). Under this provision, youthful offender treatment was not available to an otherwise eligible youth "indicted” for a class A felony. The court held that in relying upon the grade of offense charged, as opposed to the grade of offense for which the youth is ultimately found guilty, the law gave conclusive weight to the untested allegations of the indictment. This, the court stated, was contrary to the due process clauses of the State and Federal Constitutions, and, since the law irrationally discriminated against those youths charged with class A felonies, it also constituted a violation of the equal protection of the laws.
However, in view of People v Drayton (39 NY2d 580), Brian R. would seem to be of questionable authority. In Drayton, there was a challenge to the constitutionality of CPL 720.20 (subd 1) which provides that a court may, in its discretion, find that an eligible youth is a youthful offender, except where the conviction occurs in a local criminal court and the eligible youth had not prior to the commencement of trial or entry of *534 a plea of guilty been convicted of a crime or adjudged a youthful offender, then the court must find that he is a youthful offender. The court held that the validity of the statute must be determined through a rational basis test because the classification does not involve either a suspect classification or a fundamental interest. The distinction between youths charged in superior rather than local criminal courts is not arbitrary, the court concluded. It is founded on the nature of the crimes over which such courts have trial jurisdiction, and there is thus a rational basis for distinguishing between a youth accused of a felony and one charged with a misdemeanor.
Further, the defendant would apparently have this court raise to a constitutional mandate what is no more than a statutory scheme. The time limitations within CPL 30.30 are considerably stricter than those required by constitutional standards. (People v Sturgis, 77 Misc 2d 766.) As established by the United States Supreme Court in Barker v Wingo (407 US 514) a defendant’s constitutional right to a speedy trial cannot be decided by any inflexible rule but on an ad hoc balancing basis in which various factors (p 533) "must be considered together with such other circumstances as may be relevant.” The factors specifically mentioned by the court were the length of the delay, the reason assigned by the prosecution to justify the delay, the defendant’s assertion of his right, and prejudice to the defendant.
No court has ever declared that a 90-day speedy trial rule is a constitutional requirement for all misdemeanor cases. The fact that in certain instances in which a criminal action is commenced by the filing of a felony complaint and is then replaced or converted to an information, prosecutor’s information or misdemeanor complaint, more than 90 days may have elapsed between the bringing of the initial charge and the start of trial, it does not necessarily follow that the defendant’s constitutional rights have been in any way abridged. Moreover, CPL 30.30 (subd 5, par [c]) specifically provides that in no event may the permissible time period, not counting that which is otherwise expressly excludable, exceed six months. Under these circumstances, this court does not perceive any violation of defendant’s right to due process.
The defendant also contends that CPL 30.30 (subd 5, par [c]) arbitrarily and capriciously deprives him of a speedy trial as guaranteed to others charged with misdemeanor offenses. He *535 claims that it is irrational and indefensible to apply a time limitation to one defendant that is different from that applicable to other defendants similarly accused of misdemeanors simply because prosecution of the former began with a felony complaint. However, a legislative classification must be sustained unless it is clearly arbitrary and has no rational relationship to a legitimate governmental interest. Only when that classification is based upon race, sex, alienage, national origin, or status of birth is it inherently suspect and subject to scrupulous judicial examination. (See Frontiero v Richardson, 411 US 677; Weber v Aetna Cas. & Sur. Co., 406 US 164; Reed v Reed, 404 US 71; Graham v Richardson, 403 US 365; Loving v Virginia, 388 US 1; Yick Wo v Hopkins, 118 US 356.) Certainly the defendant does not assert that he is somehow being singled out for special treatment from among all those others whose prosecution is commenced with a felony complaint which is then replaced or converted to an information, prosecutor’s information or misdemeanor complaint. Absent such a showing, there is no merit to his argument that he is being deprived of the equal protection of the laws.
There are any number of reasons why a particular criminal action may be commenced through a felony complaint and, in the process, end up being prosecuted as a misdemeanor. The evidence submitted either before the Grand Jury or at the felony hearing may prove to be legally insufficient or the facts of the alleged crime may not support indictment on the felony counts despite a good faith belief to the contrary by the District Attorney. Sometimes, a particular case may be sent down from a superior to a local criminal court for administrative purposes. At any rate, to grant defendant’s motion would discourage proceeding on the misdemeanor rather than the felony charge and would, more often than not, work to the disadvantage of defendants.
Consequently, the defendant’s motion is denied.