OPINION OF THE COURT
Steven W. Fisher, J.
This motion to dismiss presents an issue of apparent first impression. Its resolution may have a significant impact upon trial capacity of the Criminal Court.
The relevant statutory provisions are familiar.
Where a defendant is charged with a class A misdemeanor, he is entitled to a jury trial (CPL 340.40, subd 2) and the People must be “ready for trial” within 90 days of the commencement of the action, less excludable periods (CPL 30.30, subd 1, par [b]; subd 4). In contrast, where a defendant in the City of New York is charged with no more than a class B misdemeanor, he has no constitutional or statutory right to a jury trial (see CPL 340.40, subd 2; Matter of Morgenthau v Erlbaum, 59 NY2d 143), but the People must be “ready for trial” within 60 days of the commencement of the action, less excludable time (see CPL 30.30, subd 1, par [c]; subd 4).
The issue at bar directly concerns these statutory rules and arises out of a policy adopted by the District Attorney *988 of Kings County aimed at increasing the number of cases tried in Criminal Court. In selected cases, the prosecutor will move to reduce class A misdemeanors to class B misdemeanors in order to avoid time-consuming jury trials. The question presented here is whether such a reduction must lead to dismissal where it occurs after the passage of more than 60 days, chargeable to the People under CPL 30.30.
The facts of the case are essentially undisputed.
On October 2,1983, the defendant was arraigned upon a felony complaint charging him with assault in the first degree and criminal possession of a weapon in the fourth degree. On October 18,1983, the felony assault charge was reduced to assault in the third degree and, as a consequence, the defendant faced two class A misdemeanors. On December 8, 1983, the People answered ready for trial although the complaint had yet to be converted to an information. On December 20, 1983, the corroborating affidavit of the complainant was filed, thereby converting the complaint. Although not directly reflected in the court papers, the People allege, and the defendant does not deny, that the prosecutor answered ready for trial when, on January 12,1984, the case next appeared on the calendar.
On March 12,1984, after several adjournments on which the case was marked “ready and passed”, the People moved to reduce the charges to attempted assault in the third degree and attempted criminal possession of a weapon in the fourth degree, both class B misdemeanors. The prosecutor announced that he was ready, and the case was sent out for a nonjury trial. The defendant, however, sought and was granted an opportunity to file the instant motion.
The defendant contends that, as he now stands charged with only class B misdemeanors, the case against him must be dismissed because the People were not ready within 60 days. The People argue that they have satisfied the readiness requirement of CPL 30.30 and that the motion to dismiss should therefore be denied.
It is generally held that, to be “ready for trial” within the meaning of CPL 30.30, the People must file an accusatory instrument sufficient to confer trial jurisdiction upon the *989 court (see People v Colon, 59 NY2d 921) and must communicate their readiness to the court on the record (see, e.g., People v Hamilton, 46 NY2d 932, 933; People v Brothers, 50 NY2d 413). Indeed, it has been broadly stated that, once the People announce their readiness for trial, the demands of CPL 30.30 are satisfied and the statute will no longer support dismissal regardless of the reason for any subsequent delays in reaching the case for trial (see, e.g., People v Giordano, 56 NY2d 524, 525; People v Moorhead, 61 NY2d 851; People v Evans, 99 AD2d 535; People v Josefson, 100 AD2d 630).[1]
Here, the People filed a sufficient information on December 20,1983, and thereafter announced their readiness for trial on January 12, 1984, some 86 days after the felony assault charge was reduced to a class A misdemeanor. Since under these circumstances the People were initially required to be ready for trial within 90 days of the reduction of the felony charge (see CPL 30.30, subd 5, par [c]), there plainly would have been no violation of CPL 30.30 had the case remained one involving class A misdemeanors. The essence of the defendant’s present argument is that, although the People’s statement of readiness was timely when made, the subsequent reduction to class B misdemeanors should have had the effect of retroactively requiring the People to have been ready within 60 days rather than 90 days. I decline to so hold.
It has been said in a related context that “[t]he District Attorney has almost unfettered discretion in determining how and when to prosecute, including the right to reduce, add or amend charges” (People v Williams, 120 Misc 2d 68, 78; see, generally, United States v Lovasco, 431 US 783; People v Di Falco, 44 NY2d 482, 486). It is frequently the case that trial does not immediately follow the People’s first assertion of readiness and, in the interim, a prosecutor may exercise his discretion to reduce charges for any one of a variety of reasons. It may be that evidence necessary to *990 prove the higher charge has become lost, or that further investigation demonstrates to the prosecutor’s satisfaction that the defendant committed only a crime of lesser degree. In such circumstances, it would clearly be unreasonable to construe CPL 30.30 so as to compel the prosecutor either to proceed on the higher charge which he cannot prove or to consent to dismissal because prosecution on the lesser charge has become time barred.
It is true that, in the instant case, the reduction is not alleged to have been the result of a prosecutorial determination that the defendant either did not commit or could not be proved to have committed the class A misdemeanors. Nevertheless, experience demonstrates that reductions such as the one at bar are not haphazard or the product of some untoward or improper prosecutorial design. They are, instead, based upon the prosecutor’s conclusion, arising from his evaluation of the circumstances of the case and the background of the defendant, that in the particular instance the benefits to be derived from dispensing with the time required for a jury trial outweigh the need to subject the defendant to the increased penalties attendant to conviction for a class A misdemeanor. Such considerations are entirely appropriate (see People v Williams, supra, at p 70; People v Bowman, 88 Misc 2d 50; cf. People v Rodriguez, NYLJ, May 22, 1984, p 7, col 4).[2]
Moreover, a reduction of charges carries with it the concomitant benefit to the defendant of significantly reducing his exposure to punishment upon conviction. It is true that he will lose his opportunity for a trial by jury, but that does not constitute a cognizable prejudice. The right to a jury trial arises from, and depends upon, potential punishment upon conviction; where the defendant faces a maximum penalty of 90 days’ imprisonment, he simply has no right, constitutional or statutory, to a jury trial (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 153-154, supra). Finally, I note that the defendant here has advanced no other claim of prejudice arising from the People’s failure to *991 be ready for trial within 60 rather than 90 days of the reduction of the original felony charge.
Taking all of these considerations into account, I decline the defendant’s invitation to reevaluate retrospectively the timeliness of the People’s statement of readiness. Instead, I hold that, in the absence of extraordinary circumstances, where the People have timely answered ready for trial in a case involving class A misdemeanors, they may subsequently reduce the charges without consequence under CPL 30.30. Accordingly, the defendant’s motion to dismiss should in all respects be denied.

. Notwithstanding these holdings, I regard it as an open question as to whether the prosecutor may be charged, within CPL 30.30, for so much of those subsequent delays as are attributable to the People’s unreasonable failure to comply with outstanding mandates of the court, such as orders to provide discovery material or to produce Grand Jury minutes for inspection (see, e.g., People v Wallace, Í00 AD2d 634). As this issue is not presented by the instant motion, I have no occasion to pass upon it.

. I do not here reach the situation, not present in the case at bar, where there is some indication that the District Attorney knew from the outset that he could not prove the higher charge but deliberately “over-charged” the case in order to secure additional time within which to be ready for trial.