OPINION OF THE COURT
William J. Davis, J.
The defendant is charged, inter alia, with criminal possession of stolen property in the third degree, in violation of Penal Law § 165.50. He has moved to dismiss the indictment, pursuant to CPL 30.30 (1) (a) and 210.30 (l).[1] This case presents the novel issue of whether the People, after reducing a felony complaint to a misdemeanor complaint, may subsequently indict the defendant, after the Criminal Court has dismissed the misdemeanor complaint, pursuant to CPL 30.30 (5) (c). Further, may the indictment proscribe the same con *1035 duct as was at issue in the dismissed misdemeanor complaint? For the reasons that follow, this court finds that they may not. As such, the defendant’s motion to dismiss must be granted.
FINDINGS OF FACT
The defendant was arrested on July 19, 1987 for criminal possession of stolen property in the third degree (Penal Law § 165.50). He was arraigned on July 20, 1987. The case was adjourned to August 17, 1987 for Grand Jury presentation. No presentation had been made by August 17, 1987 and the case was adjourned to September 1, 1987. On that date, the People reduced the felony charges to misdemeanor charges. The case was then adjourned to September 15, 1987, for the filing of a superseding misdemeanor complaint. By September 15, 1987, the superseding complaint had still not been filed and the case was adjourned to October 16, 1987. On that date, the People advised the court of their intent to present the. case to a Grand Jury, if the defendant did not plead guilty to misdemeanor charges. Absent a plea of guilty, the reduction to misdemeanors would be withdrawn and the case would be presented to a Grand Jury. Additional time was requested so that the defendant could consider the misdemeanor offer. The case was adjourned to November 13, 1987, for possible disposition. On that date, the defendant rejected the misdemeanor offer and the case was adjourned to December 1, 1987, for Grand Jury action. On December 1, 1987, the Criminal Court Judge dismissed the misdemeanor complaint pursuant to CPL 30.30 (5) (c). The court ruled that 90 days had elapsed since the date the People had stated their intent to reduce the case to misdemeanor charges and the People had not answered ready for trial. On or about December 4, 1987, an indictment was filed against the defendant. Prior to the filing of the instant indictment, the People filed notice of appeal with the Appellate Term. The notice of appeal, while filed, has not yet been perfected by the People.
It is the People’s position that, since no superseding misdemeanor complaint was ever filed, the People were not precluded from seeking an indictment even after the Criminal Court dismissed the misdemeanor charges under CPL 30.30 (5) (c). Indeed, the People assert that the Criminal Court’s dismissal of the misdemeanor charges was a nullity, since the defendant was never formally charged with any misdemeanors. The People reason that the defendant had merely been *1036 offered a reduced charge in exchange for his expected guilty plea; however, the defendant subsequently rejected the offer. Further, the People contest the jurisdiction of the Criminal Court to dismiss the accusatory instrument against the defendant, i.e., what the People argue was, in fact, still a felony complaint.
CONCLUSIONS OF LAW
The record is clear that on September 1, 1987, the People reduced the then pending charges against the defendant to , misdemeanors. A review of the Criminal Court minutes of that date supports this.
"mr. levine: This is a waiver to the Grand Jury, Judge. Unless, of course, you want to reduce the charges. Are you reducing?
"[ada] bosco: Yes, your Honor. Could I just, for my information, Judge, when was this defendant returned on a warrant?
"mr. levine: Returned on a warrant? He wasn’t returned.
"mr. bosco: This is Alfred Mulligan?
"mr. levine: Yes.
"the court: Calendar number 40.
"mr. bosco: I am sorry, I have that.
"mr. levine: He was here last time.
"mr. bosco: On 8/17?
"the court: Do you want to waive it to the Grand Jury on this?
"mr. bosco: Judge, People are moving to reduce the charges in this case to Penal Law Sections 165.05 and 165.40.”
This reduction of the charges by the People paved the way for prosecution of the misdemeanor charges. It apparently invested within the Criminal Court the authority to entertain a plea to the reduced charges or to proceed to trial on those charges. Had the defendant decided to plead guilty on September 1, 1988, the Criminal Court would have conceivably had the authority to accept such a pléa.[2] It would not have been necessary to adjourn the case for a superseding misdemeanor complaint.
*1037 Pursuant to CPL 170.65 (3),[3] the defendant could have simply waived prosecution by information and consented to be prosecuted upon the misdemeanor complaint. The superseding complaint was only necessary for further prosecution of the defendant, i.e., the filing of motions and ultimate trial.
On December 1, 1987, in an attempt to divest the Criminal Court of jurisdiction, the People formally filed notice, pursuant to CPL 170.20 (2) (b), which provides in pertinent part:
"At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument * * * the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment * * * In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances * * *
"(b) [i]f the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue.”
While the statute does not define "reasonable opportunity”, the People were still constrained by the speedy trial provision of CPL 30.30. Indeed, the granting of an adjournment, pursuant to CPL 170.20, did not toll the running of speedy trial time, pursuant to CPL 30.30. (People v Butor, 75 Misc 2d 558; People v Jacquin, 127 Misc 2d 241.)
It was pursuant to CPL 30.30 (5) (c) that the Criminal Court dismissed the case. That section provides as follows: "[W]here a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instru *1038 ment, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.
The Criminal Court dismissed this case, for what it found to be the People’s failure to prosecute within the proscribed time units of CPL 30.30 (5) (c). While this court lacks jurisdiction to decide the propriety of such a dismissal, it is clear that the Criminal Court’s dismissal bars further prosecution. (People v Bratton, 65 NY2d 675 [1985]; People v Chandler, 111 Misc 2d 654 [1981]; People v Vasquez, 133 Misc 2d 963; People v Ramkisson, 114 Misc 2d 535.) As such, the People were precluded from indicting the defendant for the same criminal transaction contained in the dismissed misdemeanor complaint.
The People’s sole remedy at this time is to seek review by an appellate court.
The defendant’s motion to dismiss the pending indictment, based upon the prior dismissal pursuant to CPL 30.30 (1) (a) and 210.30 (1), is granted.

. This court has enlarged the defendant’s motion to include a motion to dismiss based upon a defective Grand Jury presentation.

. CPL 10.30 conveys jurisdiction for all offenses other than felonies to local criminal courts.

. "A defendant who has been arraigned upon a misdemeanor complaint may waive prosecution by information and consent to be prosecuted upon the misdemeanor complaint. In such case, the defendant must be required, either upon the date of the waiver or subsequent thereto, to enter a plea to the misdemeanor complaint.” (CPL 170.65 [3].)