*447 OPINION OF THE COURT
Edward M. Davidowitz, J.
Defendant is charged with two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]). He moves to dismiss the indictment, pursuant to CPL 30.30, on the ground that more than 90 days elapsed between the date of his arrest, and the date when a misdemeanor complaint charging the same offenses against him was converted into an indictment and his right to a speedy trial was violated. The motion raises issues and questions that have not yet been resolved by an appellate court or addressed in this context by our trial courts.
THE CRIMINAL COURT PROCEEDINGS
Defendant was charged with violations of Vehicle and Traffic Law § 1192 (2) and (3), unclassified misdemeanors, and arraigned in the criminal court on a misdemeanor complaint on January 16, 1989. The People notified defendant that they intended to present the case to the Grand Jury and the proceedings were adjourned until February 16,1989.
Defendant rejected a felony plea offer on the adjourned date and the People repeated their intention to present the case to the Grand Jury. The court postponed the proceedings until April 20, 1989, charged two weeks of that period to the People, and ruled that the entire adjournment would be includable if they were not ready to proceed with the case as a felony by then.
According to the People’s reply affirmation, the matter was presented to the Grand Jury and an indictment voted on April 20, 1989, 96 days after the criminal court arraignment. Defendant was arraigned on the indictment in Part A of the Supreme Court and he pleaded guilty to the indictment in Part 27 on November 6, 1989, conditioned, however, on the outcome of this motion.
THE MOTION
More than 90 days elapsed from the date of defendant’s arraignment to the date the misdemeanor complaint was converted into an indictment. Accordingly, defendant argues, the indictment, which incorporates the original charges against him, must be dismissed since the misdemeanors were not disposed of in accordance with CPL 30.30 (1) (b). The *448 People reply that they intended throughout to prosecute these offenses as felonies and defendant knew that at the criminal court arraignment. Moreover, once an indictment was obtained, the criminal court was divested of jurisdiction and the six-month time limitation for felonies (CPL 30.30 [1] [a]), rather than the 90-day readiness period for misdemeanors, then applied.
The People could not prosecute defendant for the crimes herein, either as misdemeanors or felonies, until the complaint was converted into an appropriate accusatory instrument (People v Colon, 59 NY2d 921). CPL 170.20 (2) permits the People to apply to the criminal court for an adjournment of the proceedings when they intend to present charges to the Grand Jury to a date which affords them a "reasonable opportunity to pursue such action”. If an indictment is obtained, the criminal court is "divested of jurisdiction”; if not, "the proceedings in the local criminal court must continue” (CPL 170.20 [2] [a], [b]).
The People’s application was timely, consistent with the intent of CPL 170.20 and in accord with the court’s direction that felony charges had to be filed by April 20, 1989 or the entire adjournment — more than 60 days — would be charged to them. It was also consistent with their expressed plan from the outset to prosecute this matter as a felony, even though the original complaint alleged misdemeanors. For instance, defendant was notified at arraignment that the case was going to be presented to a Grand Jury and asked if he would testify, which he wanted to consider. On the adjourned date, February 16, the People reaffirmed their plans to obtain an indictment and plea negotiations, apparently focused on a felony disposition, were conducted. And, the court structured an adjournment which, on the one hand, provided the People with sufficient time to complete the Grand Jury proceedings, and, on the other, would have resulted in dismissal of the charges, pursuant to CPL 30.30 (1) (b), if they had remained as misdemeanors after the initial two-week excludable period had expired.
A substantial number of lower court decisions have considered the enforcement and application of time limitations under CPL 30.30 in cases, such as this, where complaints were converted from misdemeanors to felonies, or felonies to misdemeanors, or from one class of misdemeanor to another. For the most part, judgments on the enforcement of appropriate time periods were settled by a review of such factors as the *449 good faith and intent of the prosecutor, i.e., whether the People were elevating an offense simply to avoid more restrictive time periods — the nature of the case or the degree of prejudice suffered by the defendant as a result of that conversion (People v England, NYU, Mar. 27, 1981, at 13, col 1; People v Mulligan, 139 Misc 2d 1034; People v Vasquez, 133 Misc 2d 963, 965; People v Byrd, 124 Misc 2d 987; People v Morning, 102 Misc 2d 750; People v Morgan, 90 Misc 2d 416; People v Butor, 75 Misc 2d 558).[1]
The facts herein distinguish this case from decisions which enforced more restrictive time limitations when the People tried to avoid the consequences of CPL 30.30 by elevating offenses to felonies, or from one category of misdemeanor to another (People v England, supra; People v Mulligan, supra; People v Vasquez, supra). It is, instead, consistent with decisions which found that timely, good-faith applications under CPL 170.20, or the presentment of a matter to the Grand Jury before the six-month time limitation elapsed, despite dismissal of the underlying misdemeanors by the lower court, did not result in dismissal of indictments based upon the same transaction (People v Morning, supra; People v Morgan, supra; People v Byrd, supra; People v Butor, supra).
The record disclosed that the People proceeded in accordance with the lower court’s instruction, and with the intent from the beginning to obtain an indictment — a fact that was expressly articulated at every stage of the proceedings. There is no evidence that they tried to avoid their responsibilities under CPL 30.30 by prosecuting more serious offenses and, therefore, no basis for granting this motion.[2] Accordingly, it is denied.
Defendant also alleges that his constitutional right to a speedy trial was violated. However, he did not provide reasons, or suggest factors which would establish a violation of those rights (People v Taranovich, 37 NY2d 442, 445) and his motion on those grounds is denied as well.

. See People v Williams, 141 AD2d 402, where defendant was originally charged with felonies, which were reduced by the People to misdemeanors and then elevated to felonies some six months later. The case was remanded to the trial court for a hearing to determine whether the 90-day time limitation which applied after the offenses were reduced was chargeable to the People.

. Defendant does not allege that the People violated CPL 30.30 after the indictment was voted and there is no evidence that this occurred.