OPINION OF THE COURT
Wayne E. Scarbrough, J.
FINDINGS OF FACT
On March 31, 1985, defendant was arraigned on the charges of criminal sale of marihuana, fourth degree, an A misdemeanor, and criminal possession of marihuana, a violation. This matter was subsequently adjourned on April 17, 1985 and May 1, 1985 to allow the People to file the requisite laboratory report. The laboratory report was filed on May 30, 1985. On that same day, the 60th day chargeable to the People, the Assistant District Attorney moved to "reduce” the charge of criminal sale of marihuana, fourth degree, to criminal sale of marihuana, fifth degree, a B misdemeanor. On August 6, 1985, the People were not prepared to proceed on a Mapp hearing, and two weeks of the adjournment were charged to the People.
Defense counsel moved for dismissal of the charges pursu *1084 ant to CPL 30.30. The People assert that pursuant to CPL 30.30 (5), the time within which the People must be ready has not expired. The People did not assert that any of the chargeable time is excludable pursuant to CPL 30.30 (4). The court finds that 74 days are chargeable to the People.
At the outset it is necessary for this court to clarify the inappropriate use of the word "reduce.” The procedure by which the People effectuate any reduction is set forth in CPL 180.50 (3). This section deals solely with the "reduction” of felonies to misdemeanors. Consequently, the word "reduce” is a term of art reserved for the conversion of felony charges to misdemeanor charges. The CPL does not provide for the "reduction” of misdemeanors.
The CPL provides two methods by which the People can charge the original misdemeanor charges. The People may file either a superseding complaint pursuant to CPL 100.50 or they may amend the information pursuant to CPL 100.45. When proceeding by way of a superseding complaint, the People must file the new complaint while subsequently dismissing the original accusatory instrument. In this instance, however, the People have amended the information by adding a charge of criminal sale of marihuana, fifth degree. This new charge was factually supported by the accusatory instrument. A "reduction” has not occurred as the People contend but they have simply amended the information. Having established this procedural backdrop, this court now addresses the issue of applicablility of CPL 30.30.
CONCLUSIONS OF LAW
Defense counsel asserts that the defendant is presently charged with a B misdemeanor. Accordingly, defense counsel posits that the People have 60 days from the filing of the original accusatory instrument in which to answer ready for trial. The People disagree stating that for CPL 30.30 purposes, they have either 60 days from the filing of the new accusatory instrument or the balance of the 90 days allotted to the original charge, in which to be ready for trial. The People’s position is premised upon an analogous interpretation of CPL 30.30 (5).
CPL 30.30 (5) addresses the issue of the time in which the District Attorney must answer ready for trial when a felony has been reduced to a misdemeanor. When the reduction to a misdemeanor occurs, the applicable period is either 90 days *1085 from the filing of the new accusatory instrument or the balance of the six months allotted to the original felony charge, whichever period is shorter. The Legislature, therefore, gave the District Attorney a maximum period of six months within which to answer ready for trial.
The defendant, before this court, was originally charged with an A misdemeanor. In amending the charge, the People urge this court to treat this matter as if it were a felony reduced to a misdemeanor. Under the People’s analysis, the District Attorney would have to answer ready within 60 days from the filing of the new accusatory instrument or within the balance of the 90 days allotted to the original A misdemeanor, whichever period is shorter. The District Attorney arrives at this conclusion by paralleling this situation to the circumstances specifically contemplated by the Legislature in CPL 30.30 (5) (c). This unique approach presents this court with a problem of construction and interpretation.
When CPL 30.30 was drafted and subsequently enacted, the Legislature was aware of the various classifications of misdemeanors (Penal Law § 55.10). The Legislature chose not to articulate a rule concerning the "reduction” of misdemeanors. Whether the Legislature’s exclusion of misdemeanors was deliberate or an oversight is not for this court to surmise (People v Friedman, 302 NY 75; Lawrence Constr. Corp. v State of New York, 293 NY 634). The general rule of construction is that "the failure of the Legislature to include a matter within [a particular statute is] an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes §74.)
The exception to this rule occurs when the law is written in broad, general language. In those few instances, the court is permitted to find that a related matter does fall within the ambit of the statute. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) When the language is specific, it is an indication of a Legislature envisioning particular circumstances which are to be dealt with exclusively by the particular law. In such an instance, the court may not give the statute a reading which would include matters not contemplated by the Legislature in its enactment of the statute (Pajak v Pajak, 56 NY2d 394, 397).
CPL 30.30 (5) uses specific language in dealing with the issue of speedy trial involving reduced felonies. The specificity of the language, comprising CPL 30.30 (5), renders the excep *1086 tion inapplicable in this instance. If the Legislature wished to address misdemeanors, then it could have specifically stated so in the legislation. Alternatively, CPL 30.30 also could have been drafted in broad, general terms, thereby enabling the courts to conclude that both the reductions of felonies and misdemeanors are covered by the statute. The Legislature’s failure to employ either one of these methods compels this court to reject the District Attorney’s position.
It is not within this court’s prerogative to second-guess or supplement legislative enactments (Pajak v Pajak, supra). Nor are courts "supposed to legislate under the guise of interpretation” (Bright Homes v Wright, 8 NY2d 157, 162). To adopt the People’s position would be tantamount to judicial legislation. This court cannot usurp the Legislature’s function by legislating judicially (United States v Carotene Prods. Co., 304 US 144).
Having rejected the People’s position, this court must now decide on the applicable period.
CPL 30.30 (1) delineates the periods within which time the People are to answer ready for trial. For a B misdemeanor, the applicable period is 60 days. (CPL 30.30 [1] [c].) This 60-day period has not been tolled or extended by CPL 30.30 (5). Accordingly, the People are bound by this 60-day period.
Whether the People filed a superseding complaint or amended the complaint the outcome would be the same. Any other conclusion would allow the District Attorney to ignore the parameters of CPL 30.30 by merely filing a new accusatory instrument or amending the original instrument whenever the People decided that more time was required. Such conduct would be an abuse of prosecutorial discretion as well as to fly in the face of the purpose, intent and spirit of CPL 30.30. This court is not prepared to sanction such conduct.
This decision is not meant to have a chilling effect on the District Attorney’s decision to amend its misdemeanors. It serves, however, to remind the People that in altering their misdemeanor charges, they must keep in mind the parameters of CPL 30.30.
For the foregoing reasons, the motion to dismiss pursuant to CPL 30.30 and 170.30 is granted.