OPINION OF THE COURT
Anthony A. Scarping, J.
This case presents a novel issue for which the court finds no *930 statutory or case authority. What is the appropriate time period for the People to declare readiness under the speedy trial provisions (CPL 30.30) in the situation where a defendant, originally charged with a felony, eventually has the charge reduced twice, first to a misdemeanor and then to a violation?
Defendant argues for dismissal because the People have not declared their readiness for trial within 90 days from the commencement of the proceedings. Initially the court questions, sua sponte, whether the appropriate period pursuant to CPL 30.30 is 30 days rather than 90 days as argued by counsel.
A review of the court records reveals the following history:
June 9, 1986 — Defendant was arraigned with counsel on the charge of assault in the second degree. The matter was adjourned until June 18, 1986 for all purposes at defendant’s request.
June 18, 1986 — Defendant requests a felony hearing which is scheduled for July 22, 1986, with consent of the District Attorney.
July 22, 1986 — At the call of the felony hearing the District Attorney reduced the charges from assault in the second degree to the misdemeanor of assault in the third degree. Defendant was arraigned on the superseding information, pleaded not guilty and the defendant demanded a jury trial. The matter was placed on the Jury Term Calendar and adjourned on consent of the parties to the jury pretrial conference date of August 28, 1986.
August 28, 1986 — After pretrial conference in which no disposition was reached, the District Attorney filed an additional charge of resisting arrest. The defendant was arraigned and the case was scheduled for selection of a jury on September 3, 1986.
September 3, 1986 — Case was adjourned until September 12, 1986 by the court for selection of a jury.
September 12, 1986 — The District Attorney, over the objection of the defendant, withdraws the assault and resisting arrest charges and files a superseding information charging the defendant with harassment. The defendant requested September 18, 1986 for motions.
September 18, 1986 — People declared readiness for trial. The defendant requested additional time for speedy trial motion. The matter was adjourned until October 3, 1986.
*931 October 3, 1986 — People request an adjournment until October 10, 1986 for their reply to defendant’s motion.
October 10, 1986 — The matter marked fully submitted by the court.
What is the appropriate time period pursuant to CPL 30.30 for the People to declare readiness under this scenario? The statute itself does not address this double reduction situation. Section 30.30 (1) states that the People must be ready for trial within six months for a felony, 90 days for a class A misdemeanor, 60 days for a class B misdemeanor and 30 days for violations.
Section 30.30 (5) (c) indicates that if a charge is reduced from a felony to a misdemeanor, the period of declaration of readiness by the People is either 90 days from the filing of the new instrument, or, the balance of six months allotted to the original felony, whichever is shorter.
Section 30.30 (5) does not address the superseding from a class A misdemeanor to a class B misdemeanor. In People v Bernard (129 Misc 2d 1083), the court decided not to apply the logic of section 30.30 (5) (c) as applied to reductions from felonies to class A misdemeanors, to the superseding from a class A misdemeanor to a class B misdemeanor. The court held that the People had 60 days from the filing of the original accusatory instrument in which to be ready for trial.
CPL 30.30 also is void as to a "double reduction” situation as appears in this case. This court feels that, following the logic expressed in People v Lomax (50 NY2d 351) and People v Bernard (supra), the People must declare readiness for trial within 30 days from the date of the original accusatory, after subtracting excludable time enumerated in CPL 30.30 (4).
Accordingly, the court determines that the People must have declared their readiness 30 days from June 9, 1986 minus excludable time. From a review of the record, it appears that all of the adjournments were at the defendant’s request and according to section 30.30 (4) (b), excludable. Thus, pursuant to section 30.30, the motion must be denied.
The court is not satisfied with this technical analysis because a closer review of the record reveals a more difficult issue. Yes, the defendant requested these adjournments, but many adjournments were for procedural rights which the defendant was entitled to vis-á-vis the charges pending against her.
The original adjournment on June 9, 1986 to June 18, 1986 *932 is obviously excludable, it being for all purposes at defendant’s request. On June 18, 1986 the matter was adjourned until July 22, 1986 for a felony hearing at the defendant’s request. The felony hearing was never afforded the defendant because on the scheduled date, the District Attorney reduced the charge to a misdemeanor. The defendant then asked for the matter to be placed on the Jury Calendar and received a pretrial date of August 28, 1986.
Upon the matter being scheduled for trial on September 12, 1986, the charges were lowered to a violation, eliminating the defendant’s right to a jury trial.
Because of the prosecutorial decisions, the case has been pending considerably longer than if it started as a violation. The court, sua sponte, feels it is necessary to determine whether, pursuant to section 30.20, the defendant’s speedy trial rights were violated on the grounds of fundamental fairness.
From a review of the record, it is obvious that the defendant was improperly charged on June 9, 1986. Although the court is not happy with the record of charge amendments, at the same time it does not want to discourage the District Attorney’s office from closely reviewing its cases and showing flexibility.
Each adjournment and subsequent charge amendment was the direct result of intensive plea negotiations between the parties. The defendant benefited from each amendment by her reduced exposure and only objected to the amending of the charges from a misdemeanor to a violation on September 12, 1986.
The time lapse from the commencement of the proceedings to this motion has been approximately 90 days. The court does not feel that this delay is sufficient to invoke the general speedy trial provision of CPL 30.20.
The defendant’s motion is therefore denied. The case is restored to the November 21, 1986 Calendar at 10:00 a.m. to pick a trial date.