*872 OPINION OF THE COURT
Louis B. York, J.
What is the applicable time period under CPL 30.30 (1) in which the People must announce their readiness for trial on a multicount information, containing two misdemeanor charges and a violation, when the misdemeanor charges are jurisdictionally defective? This is the major question before the court in this speedy trial motion in which the defendant contends that the 30-day time period pertaining to violations is controlling, and that the People have failed to be ready on a total of 73 days, 43 days in excess of the statutory minimum.
The defendant, Phillip Irons, appeared in Bronx Criminal Court on February 5, 1987, in response to a desk appearance ticket charging him with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor; criminal trespass in the third degree (Penal Law § 140.10), a class B misdemeanor; and harassment (Penal Law § 240.25), a violation, arising from an alleged incident with his father, Cleaveland Irons, in the elder Irons’ home on December 21, 1986.
On May 20, 1987, the defendant served a motion to dismiss all three charges as jurisdictionally defective based on their alleged facial insufficiency, and in the interests of justice. The charge of criminal trespass was apparently dismissed on this basis with the People’s consent on May 27, 1987. The remainder of defendant’s motion was granted in respect to the assault charge, and denied in regard to the harassment charge and in the interests of justice, by written decision of the court (Straus, J.) on August 14, 1987.
On November 13, 1987, the defendant moved to dismiss the harassment charge on the ground that his right to a trial within 30 days from the commencement of this action on February 5, 1987 had been denied. The defendant contends that the 30-day time period pertaining to violations under CPL 30.30 (1) (d) is applicable here for speedy trial purposes because the only jurisdictionally viable claim contained in this multicount information from its inception was the violation charge of harassment. The People failed to submit any papers in opposition to defendant’s motion.
This court agrees with the defendant that harassment was the only jurisdictionally effective count contained in this multicount information. Both charges were dismissed as jurisdictionally defective based on their facial insufficiency. Although dismissal of the criminal trespass charge on this basis *873 was apparently with the People’s consent, an examination of this count indicates that the concession was warranted. The charge, as pleaded,[1] is a mere conclusory statement paraphrasing the statutory language,[2] minus the culpable mental state of "knowingly”, an essential element of the crime. It is fundamental that an information state the evidentiary facts which support or tend to support all elements of the crime charged, and establish that there was reasonable cause to believe commission thereof by the defendant (People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]; People v Hall, 48 NY2d 927 [1979]). Accordingly, I find that the misdemeanor charges contained within this multicount information were sheer nullities from their inception due to jurisdictional defects upon which no conviction could be sustained.
The time period within which the People are required to announce their readiness for speedy trial purposes is designated in CPL 30.30 (1) by the level of offense that the defendant is "accused” of committing. Given the fact that both misdemeanor charges here are nullities, the only offense that the defendant was effectively "accused” of committing was the violation charge of harassment. Therefore, this court holds that the People may not be allowed to expand their time period in which they are required to be ready for trial by the mere pleading of misdemeanor count(s) which are jurisdiction-ally defective and thereby dismissed. Accordingly, the 30-day period pertaining to violations under CPL 30.30 (1) (d) is applicable here for speedy trial purposes.
Although there does not appear to be case law precisely on point in this jurisdiction, guidance is available from the various decisions regarding applicable time periods for speedy trial purposes when a misdemeanor charge has been "reduced” by dismissal and the addition of a lower charge through amendment or superseding instrument. Although one line of cases has held that the People are restricted to the time period pertaining to the lower charge (People v Vasquez, 133 Misc 2d 963 [Sup Ct, Queens County 1986]; People v Brown, 133 Misc 2d 929 [Mt. Vernon City Ct, Westchester County 1986]; People v Bernard, 129 Misc 2d 1083 [NY City Crim Ct, Queens County 1985]), other courts have held that *874 this restriction is mandated only on a showing by the defendant that the dismissed charge was “baseless”, or the product of prosecutorial misconduct or bad faith. (People v Verdel, NYLJ, Sept. 9, 1987, at 13, col 3 [NY City Crim Ct, NY County 1987]; People v Byrd, 124 Misc 2d 987 [NY City Crim Ct, Kings County 1984].) Under either premise, the People would be restricted to the time period applicable to the lower count in a multicount information when the misdemeanor counts are dismissed as jurisdictionally defective because they were “baseless” from the outset.
Before addressing defendant’s specific contentions in regard to the number of chargeable days to the People in this action, the court notes the failure of the People to submit any opposition papers to defendant’s sworn allegations that they have failed to be ready for a total of 73 days. It is well established that once the defendant makes sworn allegations of fact that undue delay exists in the People’s readiness in excess of the statutory minimum, the burden falls upon the People to controvert these facts by showing a sufficient number of excludable days (People v Santos, 68 NY2d 859 [1986]; People v Kendzia, 64 NY2d 331 [1985]; People v Berkowitz, 50 NY2d 333 [1980]). Moreover, failure to submit any papers in opposition results in a concession of defendant’s sworn allegations of fact (People v Alston, 126 AD2d 731 [2d Dept 1987]).
Based on defendant’s contentions, the court finds the 54-day period from June 3, 1987 through July 27, 1987 chargeable to the People for their undue delay in responding to defendant’s motion to dismiss, served on May 20, 1987 (People v Fischer, 132 Misc 2d 258 [NY City Crim Ct, NY County 1986]; People v Rodriquez, 132 Misc 2d 1044 [NY City Crim Ct, NY County 1986]), as well as 35 days for the period from September 18, 1987 through October 23, 1987, when the defendant was forced to move for dismissal of a prosecutor’s information charging assault in the third degree after that underlying charge had been dismissed by the court on August 14, 1987 (People v Whetson, 135 Misc 2d 1 [NY City Crim Ct, NY County 1987]; People v Gelfand, 131 Misc 2d 268 [Sup Ct, Kings County 1986]). However, defendant’s contentions regarding the seven-day period from September 11, 1987 through September 18, 1987 on the basis that the People failed to submit their bill of particulars on September 11, 1987 as ordered are rejected as a matter of law, in that this time is excludable under CPL 30.30 (4) (a) and seven days does not represent undue delay.
*875 For the foregoing reasons, this court finds that the People have failed to be ready on a total of 89 days, 59 days in excess of the 30-day statutory minimum prescribed by CPL 30.30 (1) (d), and that defendant’s right to a speedy trial has been denied. Accordingly, defendant’s motion to dismiss the harassment charge pursuant to CPL 170.30 (1) (e) is granted, and his alternative motion to preclude based on inadequacies in the People’s bill of particulars is moot.

. The information states, "Defendant did commit Criminal Trespass by unlawfully entering the above premises with no legal right to do so.”

. Penal Law § 140.10 states in pertinent part, "A person is guilty of criminal trespass in the third degree (a) when he knowingly enters or remains unlawfully in a building or upon real property”. (Emphasis added.)