OPINION OF THE COURT
Felice K. Shea, J.
The issue presented on this motion to dismiss an indictment pursuant to CPL 30.30 is whether or not the prosecutor has *223 six months in which to announce readiness when an indictment containing a felony charge against one defendant and misdemeanors against other defendants is dismissed and then a superseding indictment is filed against only the defendants charged with misdemeanors.
On November 5, 1986 an indictment was filed which charged James Day, Gilbert Ortiz and Thomas Murphy, all police officers, with two class A misdemeanors and Albert Smolinski, a fourth police officer, with a felony and a misdemeanor. The four men were arraigned on November 6, 1986.
The charges against Smolinski were dismissed on January 15, 1987, with leave to re-present, on the ground that the evidence before the Grand Jury was insufficient to support the charges. The People moved for leave to reargue the January 15, 1987 order and the court, on March 26, 1987, adhered to its original determination. On January 28, 1987 and February 5, 1987, the court dismissed the indictment as against Day, Ortiz and Murphy, with leave to resubmit, for failure by the prosecution to instruct the Grand Jury on the law governing accomplice testimony and on the requirement that the grand jurors separately consider the charges against each accused person. The People moved on February 26, 1987 for leave to reargue these orders as well, and, after waiting for opposition papers, the court issued an order on July 2, 1987 in which it adhered to its earlier determinations.
The People did not seek to reindict Albert Smolinski, but on September 28 and 29, 1987 and October 1 and 5, 1987, they presented evidence against Day, Ortiz and Murphy, movants herein. The grand jurors voted misdemeanor charges and on October 7, 1987 the indictment now challenged was filed. On October 9, 1987, Day, Ortiz and Murphy were arraigned and the People announced readiness for trial.
Defendants contend that since they were indicted only for misdemeanors punishable by a sentence of imprisonment of more than three months, the time within which the People must be ready for trial is 90 days pursuant to CPL 30.30 (1) (b) and 90 days has expired, whether calculated from the initial indictment or from dismissal of the felony charge. The People claim that because the original indictment contained a felony count they are entitled to six months in which to be ready for trial pursuant to CPL 30.30 (1) (a) and six months of time chargeable to the People has not elapsed. The People argue that the felony count against Smolinski in the original indict *224 ment governs in determining the applicable time period even though the felony count was dismissed and was not re-presented, even though there is no felony charge in the superseding indictment, and even though none of the defendants now indicted was ever charged with a felony.
CPL 30.30, entitled "Speedy trial; time limitations”, provides that a motion by a defendant to dismiss an accusatory instrument
"1 * * * must be granted where the people are not ready for trial within:
"(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony;
"(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony”.
While "the ready trial statute * * * establishes an elaborate and detailed scheme” (People v Osgood, 52 NY2d 37, 41), it does not explicitly address the questions posed by this motion. However, the court is persuaded that an analysis of the statute, the authorities interpreting it, and policy consideration support the People’s position that the six-month time limitation of CPL 30.30 (1) (a) applies throughout the proceeding and that the People’s time was not exhausted when they announced readiness.
CPL 30.30 does not specify the trial readiness time limitation to be imposed on a multicount indictment containing more than one level of crime. However, CPL 30.30 is directed at readiness in a "criminal action”. A criminal action is single and unitary (CPL 1.20 [16], [17]; People v Osgood, 52 NY2d 37, 43, supra; People v Heller, 120 AD2d 612, 613, lv denied 68 NY2d 757; People v Barnett, 135 Misc 2d 1127, 1129) and when it involves multiple defendants, it proceeds as a unit. Periods of delay attributable to one defendant are attributable to all defendants. (CPL 30.30 [4] [d]; People v Barnett, supra, at 1129-1130; People v Bravman, 89 Misc 2d 596, 598-599.) CPL 30.30 (1) (a) and (b) require only that "a” defendant be charged with a felony or a class A misdemeanor, not that all defendants be so charged.[1] Thus, the court holds that at the *225 time the criminal action began with the filing of the first indictment on November 5, 1986, the People qualified for the six-month time allowance because one of the defendants was charged with a felony.
An interpretation of the statute giving the People six months to prepare for trial when the action contains a felony and misdemeanors is in harmony with demonstrated legislative intent to expand the use of joint trials by permitting liberal joinder of defendants. (See, 1984 and 1986 amendments to CPL 200.40;[2] Bellacosa, 1984 Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.40, 1988 Pocket Part, at 106-107.) An anticipated result of the 1984 additions to CPL 200.40 (1) permitting joinder of defendants when not all are charged with each and every offense in the indictment is that an indictment might properly join felony defendants with those charged only with misdemeanors. If the prosecution were allotted a shorter "speedy trial” time for misdemeanor defendants than for codefendants charged with felonies, severance or dismissal after 90 days of nonexcludable time would be available to misdemeanor defendants while three more months of nonexcludable time remained for bringing the felony defendants to trial. The illogical result of sundering a multidefendant indictment cannot have been intended by the Legislature. When misdemeanor defendants and felony defendants are joined in one indictment, all must be assigned the same "speedy trial” time.
As noted, CPL 30.30 does not address the issue of time allotments to codefendants charged with different levels of crimes. Nor does CPL 30.30 resolve the further question presented here of what "speedy trial” time applies when an initial indictment includes a felony, but a subsequent indictment does not.
The general rule is that dismissal of felony charges and the filing of a new indictment will not alter the date from which the six-month readiness period imposed by CPL 30.30 (1) (a) is measured.[3] (People v Sinistaj, 67 NY2d 236, 237; People v Osgood, 52 NY2d 37, 45; People v Lomax, 50 NY2d 351, 356.) *226 Should the time period be reduced or the starting date changed when no felony charge survives and the defendants remaining on the second indictment are charged only with misdemeanors?
The defendants contend that once the felony charge against their erstwhile codefendant was dismissed, they should be entitled to the 90-day "speedy trial” allotment available for misdemeanor defendants, calculated either from the initial indictment or from the order dismissing the felony charge.
Defendants maintain that the court’s order of dismissal on March 26, 1987 effected a severance of codefendant Smolinski from the case thus changing their status and the People’s trial readiness time. But CPL 30.30 (4) (d) dealing with severance[4] only provides that periods of delay attributed to one defendant "as to whom the time for trial * * * has not run” are to be attributed to all defendants in an action when "good cause is not shown for granting a severance”. This provision does not require that when a severance occurs the remaining defendants receive a new trial readiness time. If severance of the felony defendant were to cause the 90-day trial readiness time of CPL 30.30 (1) (b) to be substituted for the six-month allotment under CPL 30.30 (1) (a), automatic dismissals would occur whenever more than 90 days of chargeable time had elapsed before severance.
A change in the "speedy trial” time allotment effecting time already elapsed would inject uncertainty into every criminal action which contained felony and misdemeanor charges. The People would be forced to prepare cases within the shorter time period or proceed at their peril. Prosecutors might forego their right to prepare for trial within six months in order to protect their right to prosecute at all should the felony charges be dismissed after 90 chargeable days.
The People suggest that the court treat the dismissal of the felony charge in the same manner as a "reduction” from a felony complaint to a misdemeanor under CPL 30.30 (5) (c), giving the People either six months from the initial accusatory instrument or the lesser time available for a misdemeanor running from the filing of a new accusatory instrument, whichever is shorter. Thus, they argue, they would not benefit from the new indictment but they would not suffer a *227 retroactive loss of time otherwise still available under the initial indictment.[5]
Defendants agree with the rationale of CPL 30.30 (5) (c), but they contend that the "reduction” took place when the felony charge was dismissed and that misdemeanor time must start to run from that date and not from the filing of the superseding indictment.
The "reduction” contemplated in CPL 30.30 (5) (c) which can restart the readiness time clock has a sound basis because a felony complaint is jurisdictionally defective and no trial can begin until it is converted into a valid accusatory instrument. This, of course, is not the situation at bar where a felony charge was voted by a Grand Jury, albeit later dismissed for insufficiency by the court. Dismissal of an indictment will not retroactively invalidate a felony charge and make it a jurisdictional nullity. To stretch CPL 30.30 (5) (c) to cover dismissal by a court of an indictment containing a felony count is to interpret it in a way that the Legislature could not have intended.[6]
Under CPL 200.20 (1) and 200.40 (1) as enacted in 1970,[7]
[8]an individual defendant or multiple defendants jointly indicted could be charged with felonies and misdemeanors in the same indictment. It was possible then, as now, for the felony charges to be dismissed leaving only misdemeanor charges surviving. When CPL 30.30 (5) (c) was promulgated in 1972,® it must be assumed that the Legislature was aware of this *228 possibility. Yet CPL 30.30 (5) (c) expressly limits recomputation of trial readiness time to a criminal action in which a new accusatory instrument replaces a felony complaint. The Legislature did not include under CPL 30.30 (5) (c) the dismissal of felony charges in an indictment containing misdemeanor charges. When, as here, the statutory language is specific, "the failure of the Legislature to include a matter * * * [indicates] that its exclusion was intended”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 74; Pajak v Pajak, 56 NY2d 394, 397.)
In any case, under the facts at bar, if the six months readiness time clock were to be stopped and a new 90-day limit to become possible, the date from which to restart the computation must be the date of the second indictment. At the time the felony charge against Smolinski was dismissed with leave to resubmit, the People’s right to present the felony had not been cut off. (CPL 190.75 [3].) The prosecutor was entitled to investigate, uncover additional evidence and determine what charges he wished to bring. (People v Goetz, 68 NY2d 96, 102; People v Martin, 71 AD2d 928.) From the defendants’ standpoint, exercising hindsight, it could appear that the felony charge was out of the case when the charge was dismissed. In fact, the felony charge continued viable and a new indictment containing the felony charge could have been returned any time before the passage of six months of nonexcludable time computed from the filing of the first indictment. (People v Lomax, 50 NY2d 351, 356-357, supra; People v Zirpola, 88 AD2d 758.) The reduction contemplated by CPL 30.30 (5) (c) takes place upon replacement of a felony complaint. The comparable event here, if indeed it is comparable, is the filing date of the superseding indictment. The People had not exhausted their "speedy trial” time when they announced readiness for trial whether calculated pursuant to CPL 30.30 (5) (c) or CPL 30.30 (1) (a).
The goal of promoting prompt trials for criminal defendants underlies the CPL 30.30 ready for trial rules. (Mem of State Executive Dept, Crime Control Council, 1972 McKinney’s Session Laws of NY, at 3259; People v Osgood, 52 NY2d 37, 41-42, supra.) While the statute is drafted to advance this goal, it also takes into account the needs of the other actors in the system. The retroactive 90-day time limit advocated by defendants would carry a heavy cost in terms of uncertainty in the prosecution of criminal actions and frustration of joint trials. *229 Moreover, in this case there is no evidence of bad faith on the part of the Special Prosecutor or claim of prejudice by defendants. Nor do defendants argue that the felony charge was baseless or that the prosecutor deliberately overcharged to gain a speedy trial advantage. Under the circumstances herein, the goal of prompt trials is not unnecessarily undermined by permitting the People six months from the date of the original indictment in which to announce trial readiness.
The starting date for the criminal action herein is November 5, 1986. In computing the six-month period, CPL 30.30 (4) (a) excludes "a reasonable period of delay resulting from * * * proceedings concerning the defendant, including but not limited to * * * pre-trial motions * * * and the period during which such matters are under consideration by the court”.
The period from November 5, 1986 until the orders of this court dated January 28, 1987 and February 5, 1987 dismissing the indictment as to these defendants was taken up with pretrial discovery and motion practice and is excludable. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523, 527.) On January 22, 1987 the People made a motion to reargue dismissal of the felony charge against Smolinski which was decided on March 26, 1987. On February 26, 1987, the People made a motion to reargue the January 28th and February 5th dismissal orders which was decided on July 2, 1987. While no court appears to have specifically so ruled, there is no reason why motions to reargue dismissal of an indictment should not be considered pretrial motions excludable under CPL 30.30 (4) (a). Nor will the fact that the motions were made by the People, and not by defendants, render this period chargeable. (People v Wallace, 94 AD2d 708, 709; People v Range, 80 AD2d 812.) Defendants’ argument that time ran against the People from February 26 through July 2, 1987 is unavailing. The 99-day period from July 2, 1987 to October 9, 1987, the date defendants were arraigned on the new indictment, is conceded by the People to be chargeable to them. Thus, when the People announced readiness on October 9, 1987 99 days of nonexcludable time had elapsed and they had not exceeded six months of chargeable time.
Accordingly, defendants’ motion to dismiss the indictment is denied.
[Portions of opinion omitted for purposes of publication.]

. Cf, CPL 30.30 (1) (c) and (d) where parallel language reads "the” *225 defendant for purposes of defining time limits for class B misdemeanors and violations.

. L 1984, ch 672, §§ 2, 3, eff Nov. 1, 1984; L 1986, ch 516, § 6, eff Nov. 1, 1986.

. The starting point for "speedy trial” time can be changed under circumstances not present here. (See, CPL 30.30 [5] [a]; see also, discussion of CPL 30.30 [5] [c], infra, at 227-229.)

. Other statutory provisions, e.g., CPL 200.20 (3) and 200.40 (1), relate to severance but do not concern trial readiness time.

. The People rely on the short memorandum of the Court of Appeals in People v Berke (66 NY2d 861) for the proposition that it would be improper to retroactively reduce their time allotment to the 90-day period applicable to misdemeanor proceedings merely because felony charges do not survive throughout the action. The opinion in Berke does not, however, cover the situation at bar. A reading of the briefs at Appellate Term reveals that the Criminal Court had before it a felony complaint consisting of a felony charge and factually supported misdemeanor charges. The felony was dismissed before indictment leaving the Criminal Court with only misdemeanor jurisdiction. Thus there was no question in Berke as to whether the 90 days or the six-month time allotment was applicable.

. Other courts have wrestled with the problem of whether CPL 30.30 (5) (c) is applicable when misdemeanor charges are reduced. (See, People v Vasquez, 133 Misc 2d 963; People v Brown, 133 Misc 2d 929; People v Bernard, 129 Misc 2d 1083; People v Garrison, 122 Misc 2d 22; cf., People v Verdel, NYLJ, Sept. 9, 1987, at 13, col 3 [Crim Ct, NY County]; People v Byrd, 124 Misc 2d 987; see also, People v Irons, 137 Misc 2d 871 [Crim Ct, Bronx County].)

. L 1970, ch 996, § 1, eff Sept. 1, 1971.

. L 1972, ch 184, § 2, eff Apr. 28, 1972.