OPINION OF THE COURT
Marvin E. Segal, J.
This motion to dismiss presents an issue of first impression. The issue here is whether the speedy trial statute (CPL 30.30) applies to a charge which has been amended from a misdemeanor to a traffic infraction. The defendant was arraigned on January 29, 1988 on the charge of operating a motor vehicle while under the influence of alcohol pursuant to Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, which is *410 the equivalent of an A misdemeanor. On June 17, 1988, the charge was amended to Vehicle and Traffic Law § 1192 (1), a traffic infraction. The defendant moved to dismiss the instant information pursuant to CPL 30.30 (1) (b) on the ground that the People were not ready for trial within 90 days from the commencement of the action. The People oppose such a dismissal claiming that CPL 30.30 does not apply to traffic infractions.
CPL 30.30 defines the time during which the People must be ready to proceed to trial. The statutory protections apply to criminal actions where at least one of the charges is a felony, a misdemeanor or a violation. The statute does not expressly address the time limitation which should apply when the charge is amended from a misdemeanor to a lesser offense. The defendant urges this court to apply the statutory speedy trial time restrictions applicable to a misdemeanor because the defendant was originally charged with a misdemeanor. This court declines to do so.
In the instant case, the People amended the charge reducing it from a misdemeanor to a traffic infraction. The amended charge was derived directly from the original charge; the only difference between the two charges is the alleged degree of the defendant’s, intoxication. For speedy trial purposes, the action commences and the speedy trial time limitations begin to run on the date the first accusatory instrument is filed, even if that original accusatory instrument is subsequently replaced. (People v Lomax, 50 NY2d 351 [1980]; CPL 1.20 [16], [17].) Since the new charge is related back to the commencement of the action to compute speedy trial time, the time limitations, if any, imposed by the statute upon the amended charge, Vehicle and Traffic Law § 1192 (1), should control. (See, People v Brown, 133 Misc 2d 929 [Mt. Vernon City Ct, Westchester County 1986]; People v Bernard, 129 Misc 2d 1083 [Crim Ct, Queens County 1985].)
However, this court finds that the speedy trial protections of CPL 30.30 do not apply to Vehicle and Traffic Law § 1192 (1). Vehicle and Traffic Law § 1192 (1) is a traffic infraction. As already noted, CPL 30.30 applies to felonies, misdemeanors and violations. Since the speedy trial statute is silent on the definitions of those offenses, the appropriate scope of those terms is found in section 10.00 of the Penal Law. (CPL 1.20.)
A traffic infraction is obviously not a felony. Moreover, it does not fall within the definition of a misdemeanor or a *411 violation. Penal Law § 10.00 (3) defines a violation as "an offense, other than a ’traffic infraction’ ”. Similarly, Penal Law § 10.00 (4) explicitly excludes traffic infractions from the definition of a misdemeanor. It is a general rule of construction that the Legislature’s failure to expressly include a matter in a statute is an indication that such exclusion is intended. (McKinney’s Cons Laws of NY, Book 1, Statutes §74.) Since the definitions of the offenses covered by CPL 30.30 do not include traffic infractions, the speedy trial protection of CPL 30.30 does not apply to the traffic infraction of Vehicle and Traffic Law § 1192 (1). (People v Brown, NYLJ, Apr. 28, 1984, at 12, col 5 [App Term, 2d Dept]; People v Michalek, 138 Misc 2d 1 [Crim Ct, NY County 1987]; see, People v Solomon, 124 Misc 2d 33, 34 [Dist Ct, Nassau County 1984].)
Notably, the defendant has not alleged that the People amended the charge to avoid the demands of CPL 30.30 nor has he shown any prejudice by such amendment. In fact, while the defendant has lost his statutory protection of a speedy trial by the amendment, he has also lost the risk of conviction of a crime and gained the concomitant benefit of significantly reducing his exposure to punishment upon conviction. For all of the above reasons, this court denies the defendant’s motion to dismiss.