OPINION OF THE COURT
Michael J. Obús, J.
In what is apparently a case of second impression, defendant moves, pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e), to dismiss the information pending against him, which now charges that he violated section 1192 (1) of the Vehicle and *989 Traffic Law by operating a motor vehicle while his ability to do so was impaired by the consumption of alcohol. Although the People do not dispute that more than 90 chargeable days have elapsed since this action was commenced by the filing of a misdemeanor complaint, a question remains as to the applicability of CPL 30.30 where such a complaint has been amended to charge only a traffic infraction. In People v Wise (141 Misc 2d 409 [Dist Ct, Nassau County]), the statute was held to be inapplicable under such circumstances. This court respectfully disagrees.
The mandate of CPL 30.30 does not apply to criminal actions in which the defendant has been accused only of a traffic infraction from the outset. (See, People v Brown, NYLJ, Apr. 18, 1984, at 12, col 5 [App Term, 2d Dept]; People v Michalek, 138 Misc 2d 1 [Crim Ct, NY County 1987]; People v Solomon, 124 Misc 2d 33, 34 [Dist Ct, Nassau County 1984]; People v Zagorsky, 73 Misc 2d 420 [Broome County Ct 1973]; cf., People v Salmeron, NYLJ, May 18, 1988, at 15, col 6 [Crim Ct, Kings County] [court not "entirely convinced” that CPL 30.30 is inapplicable].) The statute simply does not refer to such infractions and, with regard to the least serious offenses it does address, speaks only of the commencement of a criminal action in which the defendant is accused of at least one violation. (CPL 30.30 [1] [d].)
In the instant case, however, the defendant was arraigned on a complaint charging him with the unclassified misdemeanors of operating a motor vehicle while under the influence of alcohol in violation of subdivisions (2) and (3) of Vehicle and Traffic Law § 1192. These offenses are deemed to be class A misdemeanors by operation of Penal Law § 55.10 (2) (b). More than seven months after arraignment, the instrument was amended over defendant’s objection to allege only the traffic infraction of driving while impaired. By that time 57 concededly chargeable days had elapsed. As it is presently uncontested that at least 104 days properly have been charged to the People, resolution of this matter turns on an interpretation of CPL 30.30 (1), which requires that a motion to dismiss
"must be granted where the people are not ready for trial within * * *
"(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months”. *990 Interpreting the language of this subdivision so as to harmonize it with the balance of the statutory scheme, and in light of the underlying purposes of CPL 30.30 (see, People v Anderson, 66 NY2d 529, 535 [1985]), this court concludes that the People’s readiness obligation was fixed by the nature of the accusations at the commencement of the action.
It is now beyond dispute that "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.” (People v Lomax, 50 NY2d 351, 356 [1980]; CPL 1.20 [16], [17]; 100.05.) Under CPL 30.30, which was "designed to insure to the public diligent prosecution of criminal charges filed in court” (People v Osgood, 52 NY2d 37, 41-42 [1980]), the commencement of a criminal action by the filing of an accusatory instrument marks the point at which "the People incur * * * the obligation of being ready for trial within” a specified period of time. (Supra, at 43.) The applicable period is determined, pursuant to subdivision (1), by reference to the most serious charge in that instrument, and its filing sets the date to which any subsequent instrument must be "related back” for purposes of calculating the readiness period, as well as computing excludable time under subdivision (4). (People v Sinistaj, 67 NY2d 236 [1986]; People v Osgood, supra; People v Lomax, supra.) Indeed, in the case of a felony charge, no matter how many successive instruments are filed in the action, the precise length of the six-month period allotted to the People by CPL 30.30 (1) (a) is contingent on the length of the particular calendar months immediately following the filing of the initial complaint. (See, People v Jones, 105 AD2d 179, 188 [2d Dept 1984], affd 66 NY2d 529, 540 [1985]; People v Smith, 97 AD2d 485 [2d Dept 1983].)
Only in the case of a felony complaint replaced during the course of a criminal action with an information, prosecutor’s information or misdemeanor complaint does the statute expressly provide for a change in the time within which the People must be ready for trial on the basis of an alteration of the charges. Under subdivision (5) (c), the People are limited to the shorter of the period applicable to the charges in the new accusatory instrument calculated from the date of the filing of that instrument, or the original six-month period calculated from the filing of the original felony complaint. Once the People have filed misdemeanor charges, however, *991 even a subsequent indictment will not serve to extend the time within which they must declare their readiness. (See, People v Williams, 141 AD2d 402 [1st Dept 1988]; People v Mulligan, 139 Misc 2d 1034 [Sup Ct, NY County 1988]; People v Vasquez, 133 Misc 2d 963 [Sup Ct, Queens County 1986].) Although in each of the above-cited cases the applicable misdemeanor period may already have elapsed by the time the matter was submitted to a Grand Jury, the dispositive consideration is not whether the matter has been so submitted, but whether the People have answered ready.
Despite the fact that CPL 30.30 does not specifically provide for a modification of the readiness period as a result, of the "reduction” of a misdemeanor charge, some courts have held that such an amendment of the charge retroactively reduces that period. Thus, in People v Bernard (129 Misc 2d 1083 [Crim Ct, Queens County 1985]), as a consequence of amending an information by replacing a class A with a class B misdemeanor, the People were held to have bound themselves to the 60-day period for declaring readiness in class B misdemeanor prosecutions (CPL 30.30 [1] [c]), calculated from the commencement of the action. In rejecting the People’s contention that the matter should be treated as it would under CPL 30.30 (5) (c) if it were a felony reduced to a misdemeanor, the court stated that "[a]ny other conclusion would allow the District Attorney to ignore the parameters of CPL 30.30 by merely filing a new accusatory instrument * * * whenever the People decided that more time was required.” (Supra, at 1086.) The "logic expressed in” Bernard was followed in People v Brown (133 Misc 2d 929, 931 [Mt. Vernon City Ct 1986]), where the People nevertheless were found to have met the stricter burden. These two cases underlie the holding in Wise (supra).
Contrary to the implication of the Bernard decision, however, while there is no basis for applying subdivision (5) (c) to "reduced” misdemeanors, the alternative of holding the People to the original readiness period surely confers no benefit upon them. It merely enables them to rely on the time period set at the outset of the action in determining the extent to which their resources will be committed to the case. Furthermore, as pointed out in People v Byrd (124 Misc 2d 987 [Crim Ct, Kings County 1984]) and People v Verdel (NYLJ, Sept. 9, 1987, at 13, col 3 [Crim Ct, NY County]), which held that in the absence of prosecutorial bad faith the "reduction” of misdemeanor charges should have no consequences under CPL 30.30, it would be unwise and counterproductive to force the *992 People to proceed with a greater charge in order to forestall a speedy trial dismissal where appropriate prosecutorial considerations would otherwise warrant reduction. Similarly, at least where the original charges are not "baseless” (see, People v Irons, 137 Misc 2d 871, 874 [Crim Ct, Bronx County 1987]), no purpose would be served by a retroactive reduction of the People’s readiness period, and perhaps automatic dismissal of the entire case,' as a result of dismissal by the court of the top count of an accusatory instrument. (See, People v Day, 139 Misc 2d 222, 226-228 [Sup Ct, Kings County 1988] [where indictment of defendant for misdemeanor and codefendant for felony is dismissed and superseded by indictment of defendant alone for misdemeanor, CPL 30.30 (5) (c) is inapplicable and People are entitled to original six-month period calculated from filing of original indictment].)
While the replacement of a misdemeanor charge with a traffic infraction is not entirely analogous to the substitution of a lesser misdemeanor or violation, it does present at least as compelling a scenario for fixing the People’s obligations under CPL 30.30 (1) on the basis of the charges contained in the initial accusatory instrument. To permit the reduced charges to govern in this context would not limit the People’s allotted preparation time, but would completely remove the prosecution from the requirements of the statute. Such a result would hardly serve the basic purpose of insuring prompt prosecution. It would undermine the defendant’s legitimate expectation, arising at the commencement of the action, of a speedy disposition of the matter. And it would increase the potential for unfair manipulation of the charges to prosecutorial advantage. Finally, the application of CPL 30.30 to actions begun as misdemeanor prosecutions can hardly be said to conflict with any possible legislative attempt to conserve the People’s resources by excluding prosecutions for traffic infractions from its reach. This is especially so where, as here, the matter is treated as a misdemeanor for months.
Accordingly, as the People were not ready for trial within 90 chargeable days of their commencement of this criminal action by the filing of a misdemeanor complaint, defendant’s motion to dismiss must be granted.