OPINION OF THE COURT
Joseph J. Maltese, J.
This decision reviews the impact of the "speedy trial” laws on the prosecutor’s discretion to reduce charges in order to circumvent the defendant’s right to a trial by jury.
FACTS
The time frames at issue in this speedy trial decision are for the most part accepted by the prosecution and the defense. The defendant was arrested on February 21, 1994 and issued a desk appearance ticket to appear on March 25, 1994. On that date the defendant was arraigned on a charge of menacing in the second degree (Penal Law § 120.14 [1]), a class A misdemeanor. As a result, the People had 90 days from the time of the arraignment in which to be ready for trial (CPL 30.30 [1] [b]). After 63 days had already been charged to the People, the People reduced the charge to menacing in the third degree, a class B misdemeanor (Penal Law § 120.15).
ISSUES
The first issue raised by the defense is that the People are not "ready for trial” until all Rosario material is made available to the defense.
The second issue raised by the defense is that the reduction of the charge from a class A to a class B misdemeanor retroactively reduces the "speedy trial” period from 90 days to 60 days (CPL 30.30 [1] [c]).
DISCUSSION
Under the speedy trial law of New York State the People must be "ready for trial” within six months from the commencement of a criminal action if the highest crime charged *519 is a felony (CPL 30.30 [1] [a]); within 90 days if the highest charged crime is a class A or unclassified misdemeanor which is punishable by a term of imprisonment of more than three months (CPL 30.30 [1] [b]); within 60 days if the highest charged crime is a class B misdemeanor (CPL 30.30 [1] [c]); and within 30 days if the highest crime charged is a violation (CPL 30.30 [1] [d]). There is no statutory authority on the issue of whether a person charged with a traffic infraction has "speedy trial” rights, and the lower courts are divided on that issue.[1]

1. No "Readiness” Without Rosario?

On the day that the People reduced the crime charged to a B misdemeanor, they also informed the defense that additional Rosario material had not yet been turned over by the police and therefore could not be provided to the defendant. The defense contends that all the time before the District Attorney’s office had all Rosario material in their possession should be charged to the People since the People were not actually "ready for trial.” The People did not address this issue in their papers. The addition of time caused by missing Rosario material would bring the total amount of time charged to the People to 94 days.
Rosario material consists of any written or recorded statements made by a person whom the prosecutor intends to call as a witness at trial and relates to that witness’ testimony (CPL 240.45 [1] [a]; People v Rosario, 9 NY2d 286 [1961]; People v Poole, 48 NY2d 144 [1979]). At a nonjury trial, Rosario material must be made available prior to the introduction of evidence, and at a jury trial such material must be disclosed prior to the prosecutor’s opening (CPL 240.45 [1]).
This court frowns upon the practice of many District Attorneys in serving Rosario material moments before the witness is to testify thereby denying the defense a reasonable opportunity to review same. The common practice in this *520 court is to allow the defense sufficient time to review late arriving Rosario material, such as a police officer’s memo book, which usually arrives with the officer who is on telephone alert to testify. Clearly, the better practice is to obtain such material from potential witnesses well prior to trial. However, under CPL 240.45 (1) such Rosario material may be delivered to the defense just prior to that witness taking the stand. Undoubtedly, this practice results in a delay in the hearing or trial to enable the defense to review such documents in order to prepare for the cross-examination of that witness. Accordingly, the District Attorney need not have all of the Rosario material physically in court when they announce ready for trial.
It must be noted, however, that the District Attorneys operate at their own peril by perpetuation of this practice, in that failure to have Rosario material at the trial must result in some negative sanction against the People, to include a negative inference as to the content of the missing documents, to striking the witnesses’ testimony to ultimately dismissing the entire case (see, People v Martinez, 71 NY2d 937 [1988]; People v Wallace, 76 NY2d 953 [1990]).
According to the Supreme Court Appellate Division, Second Department, CPL 30.30 "is not a true speedy trial statute * * * [since] it requires only that the People announce their readiness for the trial * * * within [the] time period” (People v Caussade, 162 AD2d 4, 7 [2d Dept 1990], citing People v Anderson, 66 NY2d 529 [1985]). Moreover, it is an indication of present readiness for trial and not a prediction or expectation of future readiness (People v Caussade, supra, citing People v Kendzia, 64 NY2d 331 [1985]). Present readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial (People v Caussade, supra). The failure of a District Attorney to comply with a discovery demand does not vitiate the previous statement of readiness (supra). Accordingly, this court disagrees with the defendant’s position and will not charge this time to the People.

2. Retroactive Reduction of Speedy Trial Time Period

The second issue raised by the defense is that the reduction of the charge from a class A to a class B misdemeanor retroactively reduces the period in which the People must be ready for trial.
*521 In order to "reduce” a charge from a class A misdemeanor to a class B misdemeanor, violation or traffic infraction the People must either file a superseding complaint (CPL 100.50) or amend the information (CPL 100.45 [3]). When amending the accusatory portion of an information, to add a count, the new count must be supported by facts in the original instrument (CPL 100.45 [3]). On the other hand, when an information is superseded, then any of the charges contained in the original instrument which are contained in the superseding complaint must be dismissed by the court (CPL 100.50). However, the first instrument is not superseded with respect to any count which charges an offense that is not contained in the superseding instrument (CPL 100.50).
The defense alleges that it is a common practice of the District Attorney to charge an A misdemeanor and then to reduce the charge on the "eve of trial” thereby giving the prosecution the benefit of the longer time period in which to be ready for trial, while "denying” the defendant a right to a jury trial. The Court of Appeals has upheld CPL 340.40 (2) which mandates that crimes punishable by not more than six months’ incarceration must be heard by a single Judge, and not by a jury (Matter of Morgenthau v Erlbaum, 59 NY2d 143 [1983]; see also, Baldwin v New York, 399 US 66 [1970]).
It is also worthy to note that the case at bar was transferred by the jury 1 calendar Judge sua sponte to this Bench Trial Part without having the charge reduced to a class B misdemeanor. In fact, the District Attorney did not move to have the charges reduced until more than 70 days after it was transferred to this Bench Trial Part.
The question of whether such a reduction must lead to the dismissal of the action when it occurs after the passage of 60 "chargeable” days allocated to class B misdemeanors (CPL 30.30 [1]) is not a matter of first impression, but has led to differing conclusions.
Any discussion concerning the charging, reducing or the handling of a crime begins with the proposition that generally the District Attorney has almost unfettered discretion in deciding how and when to prosecute, including the right to reduce, add or amend charges (see, United States v Lovasco, 431 US 783 [1977]; United States v Goodwin, 457 US 368 [1982]; People v Di Falco, 44 NY2d 482 [1978]; People v Zimmer, 51 NY2d 390 [1980]).
It is also clear that upon the reduction of a felony to a *522 misdemeanor, the People are required to announce their readiness for trial within the time remaining on the felony charges or within the misdemeanor period (90 days for a class A misdemeanor or 60 days for a class B misdemeanor) whichever period is less (CPL 30.30 [5] [c]; see, People v Ferrara, 102 Misc 2d 253 [1979]). Unfortunately, while the Legislature created this hybrid section of the Criminal Procedure Law to cover felonies reduced to misdemeanors, it neglected to distinguish a rule when a charge is reduced from a class A misdemeanor to a class B misdemeanor. The Legislature also did not fashion a statute to account for a reduction to a violation, wherein readiness must be answered within 30 days from arraignment (CPL 30.30 [1] [d]), or a reduction to a traffic infraction.
In People v Bernard (129 Misc 2d 1083 [Crim Ct, Queens County 1985]), the People took the position that the period ran anew from the time of their reducing the crime charged by amending the instrument to include a B misdemeanor while, at the same time moving that the originally charged A misdemeanor be dismissed. In Bernard (supra) the late Judge Scarbrough held that the "reduction” from a class A misdemeanor to a class B misdemeanor retroactively reduces the period to the 60-day B misdemeanor time period as the "new” instrument clearly is now a B misdemeanor and therefore under CPL 30.30 (1) (c) the People must be ready within 60 days from the commencement of the criminal action which is the filing of the first accusatory instrument. The court’s reasoning was based on the premise that any other conclusion would allow the "District Attorney to ignore the parameters of CPL 30.30 by merely filing a new accusatory instrument * * * whenever the People decided that more time was required” (supra, at 1086).
In People v Brown (133 Misc 2d 929 [Mt. Vernon City Ct 1986]), Judge Scarpino of the City Court of Mt. Vernon followed the "logic” of Bernard (supra) and held that when the case was reduced from a misdemeanor to a violation the People must be ready within 30 days, the statutory period allocated to violations (CPL 30.30 [1]).
This rationale was also followed in People v Vasquez (133 Misc 2d 963 [Sup Ct, Queens County 1986]), but under a different scenario. In Vasquez (supra) the court was faced with a felony complaint that was reduced to a class B misdemeanor and was then converted back to felony status after the misdemeanor case had been dismissed and the time to answer had *523 already expired. The court held that the 60-day B misdemeanor period was applicable for speedy trial purposes basing its decision partially on the rationale of Bernard (supra).
While the Bernard decision (supra) highlights a practical aspect, the possible misuse by the prosecution of recharging cases in order to avoid dismissal on speedy trial grounds, that should not be the ultimate rationale for dismissing unready cases. It was clearly not the Legislature’s intention to hamper the discretion of District Attorneys in deciding how to best handle their caseloads, and this court respectfully disagrees with the conclusion and rationale of the Bernard decision (supra).
The purpose of the speedy trial laws was to promote the prompt trial of defendants in criminal cases as: "[t]he public, defendants and the victims of crimes all have a strong interest in the prompt trial of criminal cases [and] [t]he knowledge that [the] punishment for the guilty will be swift and sure acts as an effective deterrent to crime. Conversely, protracted delays breed contempt for the law and convince criminals that they can 'beat the system.’ ” (Mem of State Executive Dept, Crime Control Council, 1972 McKinney’s Session Laws of NY, at 3259.)
It is clear that assertions made when a defendant is first charged with a crime do not always follow the case to conclusion. There might not be enough evidence to prove the higher level offense charged, or the prosecutor might come to the conclusion that the defendant committed a lesser degree of the crime than originally charged. "[I]t would clearly be unreasonable to construe CPL 30.30 so as to compel the prosecutor either to proceed on the higher charge which he cannot prove or to consent to dismissal because prosecution on the lesser charge has become time barred” (People v Byrd, 124 Misc 2d 987, 990 [Crim Ct, Kings County 1984]).[2] Such reductions can be made at the discretion of the prosecutor upon his or her "evaluation of the circumstances of the case and the background of the defendant, that in the particular instance the benefits to be derived from dispensing with the time required for a jury trial outweigh the need to subject the defendant to the increased penalties attendant to conviction for a class A misdemeanor” (supra).
*524 While the defense asserts that the District Attorney’s motives may be to avoid jury trials, it may also be true that the District Attorney is attempting to speed up the disposition process or that the People now have a better understanding of their case. This court cannot assume the District Attorney’s motives. Even if this court was to disagree with the practice of reducing the charge on the eve of trial, mere disagreement with the policies of the District Attorney’s office is not grounds for judicial intervention absent compelling circumstances (see, People v Izsak, 99 Misc 2d 543 [Crim Ct, NY County 1979]; United States v Shaw, 226 A2d 366 [DC 1967]; People v Williams, 120 Misc 2d 68 [Crim Ct, Bronx County 1983]).
This court believes that the underlying rationale of the speedy trial statute is to stop the prosecution from delaying in bringing a case to trial so as to circumvent the defendant’s due process rights. This rationale is best served when the prosecution knows how much time he or she has in which to be ready for trial. Since there can be only one criminal action for each set of criminal charges brought against a particular defendant (People v Lomax, 50 NY2d 351 [1980]; People v Osgood, 52 NY2d 37, 41-43 [1980]), and the commencement of the action is by the filing of an accusatory instrument (CPL 1.20 [16], [17]; 100.05), then the act of filing the accusatory instrument sets the time period by looking at the most serious charge in the instrument. This time period will control for speedy trial purposes absent some rule to the contrary, i.e., when a felony is reduced to a misdemeanor (see, People v Matute, 141 Misc 2d 988 [Crim Ct, Bronx County 1988]). This allows the defendant and the prosecution to know from the outset what the general timetable for the action will be and accomplishes the goal of the speedy trial statute which is to compel the prosecution to be ready for trial within the time periods established by the Legislature.
Under the Bernard rationale (supra) the following situation is a logical possibility. A defendant charged with an A misdemeanor wishes to plead guilty to a B misdemeanor. Also assume that 75 "chargeable” days have elapsed and the People in the interests of justice and judicial economy agree to the plea agreement. The People (in order to reduce the charge) move to dismiss the A misdemeanor and amend the instrument to include a B misdemeanor. The court grants the motion. Now the defense moves to dismiss the "new” instrument on speedy trial grounds. Under the Bernard rationale *525 (supra) the court would have to dismiss the instrument absent a waiver of speedy trial rights by the defendant. This scenario was clearly not the intention of the Legislature.
Although the defense alleges that the District Attorney might not have the best of intentions in allowing numerous "eve of jury trial” reductions, this court believes that as long as the original charges are neither "baseless” nor the product of prosecutorial misconduct or bad faith, no purpose would be served in retroactively reducing the People’s readiness period to the 60-day class B misdemeanor time period.
In this case, the People must be ready for trial within 90 days from the defendant’s arraignment on the original class A misdemeanor (see also, People v Irons, 137 Misc 2d 871 [Crim Ct, Bronx County 1987]; People v Verdel, NYLJ, Sept. 9, 1987, at 13, col 3 [Crim Ct, NY County]). The case should not be dismissed because the People exercised their prosecutorial discretion in reducing a charge. To do so would retard plea negotiations which may inure to the benefit of the defendant.
Therefore, as only 74 days have been charged to the People, the defendant’s motion to dismiss the charges is at this time denied.

. People v Michalek (138 Misc 2d 1 [Crim Ct, NY County 1987]) held that CPL 30.30 was inapplicable in matters concerning traffic infractions as CPL 30.30 only applies to felonies, misdemeanors and violations, and Penal Law § 10.00 (3) defines a violation as "an offense other than a traffic infraction.” Contrast this with, People v Pregent (142 Misc 2d 344, 346 [Syracuse City Ct]) which held that CPL 30.30 applies basing its rational on Vehicle and Traffic Law § 155, which states that traffic infractions " 'shall be deemed misdemeanors and all provisions of law relating to misdemeanors * * * shall apply. ’ ”

. It is interesting to note that the court in Bernard, (supra) stated that this issue was one of first impression, when the Byrd decision (supra) on the same issue came to the opposite conclusion eight months prior to Bernard.