*237 OPINION OF THE COURT
Ruth Pickholz, J.
The defendant was arrested on June 1, 1994 and issued a desk appearance ticket (DAT) charging him with sexual abuse in the third degree (Penal Law § 130.55 — a class B misdemeanor). On June 22, 1994, defendant first appeared in response to the DAT, and, at that time, a felony complaint was filed charging him with one count of sexual abuse in the first degree (Penal Law § 130.65 [1] — a class D felony). On July 6, 1994, the aforementioned felony charge was reduced to sexual abuse in the second degree (Penal Law § 130.60 — a class A misdemeanor). The charge was further reduced, on December 2, 1994, to sexual abuse in the third degree (Penal Law § 130.55 — a class B misdemeanor). Defendant now moves to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30, contending that inasmuch as both the felony charge and A misdemeanor charge were baseless, the People have only 60 days from the filing of the felony complaint to answer ready for trial.
Under CPL 30.30 (5) (c), if an action is commenced by the filing of a felony complaint and is thereafter replaced with or converted to a misdemeanor complaint or information, the People must be ready to proceed to trial within the period of time applicable to the new charges, calculated from the date of the filing of the new accusatory instrument, or six months from the filing of the felony complaint, whichever period is less. There is no similar statutory provision for recalculating the speedy trial time where the original accusatory instrument is a misdemeanor and is subsequently reduced. Case law, however, has carved out an exception of sorts to speedy trial time calculations where a misdemeanor charge is subsequently reduced. (See, e.g., People v Bernard, 129 Misc 2d 1083 [Crim Ct, Queens County 1985] [where A misdemeanor is reduced to B misdemeanor People have 60 days from the filing of the original accusatory instrument to answer ready for trial].)
This court is loath to carve out an exception to the statutory scheme in all instances as articulated in Bernard (supra,). However, when there is a showing that the original charge was either baseless from the outset or brought in bad faith this court is of the opinion that the lesser time period should apply. This approach was apparently first articulated by the court in People v Byrd (124 Misc 2d 987 [Crim Ct, Kings *238 County 1984]) wherein the court declined to apply the lesser time period, but in so holding noted that there was no claim that the greater charge was brought in bad faith or that defendant either did not commit or would not be proven to have committed the greater charge. In reliance on Byrd (supra), the court in People v Verdel (NYLJ, Sept. 9, 1987, at 13, col 3 [Crim Ct, NY County]) coined the now oft-used phrase "baseless from the outset, or brought in bad faith” (at 14, col 1) and held that in the absence of such, the longer speedy trial period applies. In defining what constitutes a charge which is baseless from the outset the Verdel court (at 14, col 1) limited the application of that phrase to the situation where the higher charge, "while sufficient on its face, was without any factual basis”. The Verdel language has since been adopted by several courts. (See, People v Derosier, NYLJ, Oct. 27, 1994, at 29, col 3 [Crim Ct, NY County], and cases cited therein.)
Applying a Verdel analysis to the instant matter this court finds that contrary to defendant’s assertions the felony charge was not baseless from the outset. While a colorable argument can be made that the felony charge was facially insufficient, this alone is not a basis to conclude that the charge was baseless from the outset.* (See, People v Verdel, supra.) Nor has defense counsel supported a claim that the felony charge was brought in bad faith.
More problematic, however, is the first reduction from the felony (Penal Law § 130.65) to the A misdemeanor charge (Penal Law § 130.60). Penal Law § 130.60 requires that the person who was subjected to sexual contact be either less than 14 years old or incapable of consent at the time of the incident. The accusatory instrument states, in pertinent part: "the defendant came from behind [the complainant] and placed his leg between her legs and began rubbing his groin area against her buttocks and placed his hands on her buttocks.” The complainant in this case is a police officer. Defendant contends that "the most minimal of investigations would have revealed” that the undercover officer was neither incapable of consent or less than 14 years old. In response the People concede that this was a "mistaken charge.”
Although this court does not find that the People purpose *239 fully acted in bad faith in charging the A misdemeanor, this court is presented with a charge that is not only legally insufficient, but is also without a basis in fact. Indeed, given the complainant’s status as a police officer, no version of the facts could be pleaded which could support the A misdemeanor charge. The People have, in essence, conceded as much by now labelling this a "mistaken” charge. Thus, this court finds that this charge was indeed baseless from the outset. Therefore, the People have either six months from the filing of the felony complaint or 60 days from the first reduction, whichever period comes first, to be ready for trial. In this case, the applicable period is 60 days from July 6, 1994, the date of the first reduction.
Having reviewed the facts of each period of delay since the initial reduction, this court finds that 71 days are chargeable to the People. Accordingly, defendant’s motion to dismiss is granted.
[Portions of opinion omitted for purposes of publication.]

 One court has since held that a charge which is j urisdictionally defective is baseless from the outset. (People v Irons, 137 Misc 2d 871 [Crim Ct, Bronx County 1987].) Although this court adopts the principles articulated by Verdel (supra), this court believes that Irons is an overly broad application, if not a misapplication, of those principles.